JOSEPH A. BRODERICK, AS SUPERINTENDENT OF BANKS
OF THE STATE OF NEW YORK, PLAINTIFF, v. BENJA-
MIN ABRAMS ET AL., DEFENDANTS.

Argued January 16, 1934—Decided October 29, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the rule, *John H. Jobes.*

*Contra, Carl S. Kuebler.*

The opinion of the court was delivered by

HEHER, J.   The final judgment entered herein, striking out the complaint as stating causes of action which, by force of section 94 (b) of the General Corporation act (2 *Comp. Stat.* 1910, *p.* 1656), are not maintainable at law in this state, having lately been reversed by the federal Supreme Court, on the ground that this statutory provision is violative of the "full faith and credit clause" (article IV, section I) of the federal constitution (*Broderick* v. *Rosner,* 294 *U. S.* 629; 55 *S. Ct.* 589; 79 *L. Ed.* 1100), it now becomes necessary to determine the question of venue raised by this rule to show cause.

The defendants herein, five hundred and fifty-eight in number, are stockholders of the defunct Bank of the United States, a banking corporation organized under the laws of the State of New York, now in process of liquidation by plaintiff superintendent of banks.   This officer, having determined that the reasonable value of the bank's assets is not sufficient to liquidate its aggregate indebtedness in full, levied an assessment upon its stockholders under the Banking act of the State of New York (*Consolidated Laws, ch.* 2, § 120), which imposes an individual responsibility upon the stockholders of an institution of this character, "equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares;" and the object of this suit is the recovery of these unpaid assessments.

One hundred and sixty-three of the defendants reside in the county of Essex, where the venue is laid; one hundred and forty-eight defendants, including the applicants, George W. Muttart and Maude F. Rittleman, and another, J. George Friedman, whose application is, by stipulation, to be ruled by the decision here, are residents of the county of Hudson; and the remainder are scattered through seventeen counties of this state.   Apparently, none of the defendants, except

those mentioned, seeks a change of venue. The applicants were served with process in the county of Hudson.

The first insistence is that, as to the defendants who reside in the county of Hudson, the venue is, in virtue of section 202 of the Practice act (3 *Comp. Stat.* 1910, *p.* 4113), required to be laid in that county. This, in effect, is a demand for a severance. The applicants interpret this provision as obliging the non-resident plaintiff to "institute suit against a resident defendant in the county in which the cause of action arose, or in the county in which the defendant resides." This is termed an absolute requirement.

The primary inquiry, in the resolution of this question, is whether the several pleaded causes of action have been properly joined. Such joinder would have done violence to settled rules of common law pleading; but it now finds justification in the supplement to the Practice act, enacted in 1912. *Pamph. L.* 1912, *p.* 377. Paragraph 6 thereof ordains that "the plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions." By express provision (section 1), the act, although in derogation of the common law, is to be "liberally construed, to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties." By rule, this court has defined the term "transaction," as employed in sections 4 and 6 of this supplement to the Practice act, to "include any transactions which grew out of the subject-matter in regard to which the controversy has arisen; * * *." *Rule* 211 (b).

These causes of action indubitably present a common question of law, and, in the main, common questions of fact. While it is asserted that "one judge and one jury cannot determine five hundred and fifty-eight cases at one time, differentiate the individual defenses and distinguish the defendants who raise them," there is no showing that the defenses interposed by the answering defendants and those to be tendered by the applicants here (their answers have not yet been filed), are so divergent in character that the issues thereby raised cannot be resolved in one action without

impairing the substantial rights of the latter. It is to be observed that the statutory language is in the disjunctive. The concurrence of both elements is not requisite. A common question of law will suffice if the joined causes of action "arose out of the same transaction or *series of transactions.*" Unquestionably, the pleaded causes of action fall within the latter classification. *Metropolitan Casualty Insurance Co.* v. *Lehigh Valley Railroad Co.,* 94 *N. J. L.* 236; *Beatty* v. *Lincoln Bus Co.,* 11 *N. J. Mis. R.* 938.

The individual obligations sought to be enforced are essentially contractual in nature. The personal responsibility imposed by the statute was incorporated in the contract, and the stockholders assumed the obligation as if expressly made a term thereof. While the complaint counts upon several liabilities grounded upon separate contracts, they arose out of "transactions" that are of kin, and are therefore of a "series" within the intendment of the statute and the rules designed to effectuate its object. There has therefore been no misjoinder.

Yet the court is not without power in the premises. Rule 12 of this supplement to the Practice act (now rule 108 of the Supreme Court), invests the court with power, upon motion, to "order a separate trial between the plaintiff. or one or more of several plaintiffs, and the defendant, or one or more of several defendants, or between co-defendants;" and rule 14 of the same act (now rule 21 (f) of this court), confers the authority to "strike out causes of action which cannot be conveniently tried with other causes of action joined in the same suit." These are discretionary powers, but their exercise is guided and controlled by the manifest policy of the statute to avoid a multiplicity of suits and to expedite the determination of legal controversies in accordance with the dictates of substantive right. As indicated, the case in hand offers nothing to justify the conclusion that these joined causes of action cannot be conveniently tried together without injustice to the applying defendants; and there is therefore no basis for a departure from the normal statutory course of procedure.

Now, by virtue of section 202 of the Practice act, *supra,* a

transitory action is required to be tried, at the discretion of the court, in the county (1) in which the cause of action arose, or (2) in which the plaintiff or defendant resides at the time of the commencement of the action, or (3), if the defendant be a non-resident, in the county in which process was served upon him. The causes of action here pleaded are concededly transitory, and, as indicated, arose in the State of New York.

This section has been construed as obliging the plaintiff to lay the venue in one of the enumerated counties, and vesting in the court the discretionary power to change it to one of the counties thus designated. While there is authority for the view that there exists an inherent judicial power to change the venue, extending beyond that granted by the statute, *e. g., Schmehl* v. *South Jersey Land & Trans. Co.,* 63 *N. J. L.* 141, the current of judicial decision is that this provision confers a substantive right of which neither party may be deprived, except in the exercise of the limited statutory discretion. *Worley* v. *Scudder,* 10 *Id.* 231; *Demarest* v. *Hurd,* 46 *Id.* 471; *Kelly* v. *Haugh,* 60 *Id.* 124; *Chancellor* v. *Morris,* 82 *Id.* 14; *Bell* v. *Morris Canal and Banking Co.,* 15 *Id.* 63; *Keeley* v. *Belmar,* 97 *Id.* 98; *Pfadenhaucr* v. *Pope,* 113 *Id.* 179. It would seem, however, that if, due to extraordinary conditions, a fair and impartial trial cannot be had in one of the counties designated in the statute, the court possesses inherent authority to provide for a trial elsewhere. This seems to have been a practice engrafted upon the common law before the independence of this nation was achieved. See *Crocker* v. *Justices of Superior Court,* 208 *Mass.* 162; 94 *N. E. Rep.* 369; *Cochecho* v. *Farrington,* 26 *N. H.* 428; *Cooke* v. *Cooke,* 41 *Md.* 362; *Negro Jerry* v. *Townshend,* 2 *Md.* 274; *Lynch's Ex'rs* v. *Horry,* 1 *S. C. L.* 229. It is a reserve power born of and justified by necessity, that the legislature apparently did not intend to annul. But this question is not at issue, and we are not called upon to pursue the inquiry.

Here the plaintiff relies upon the provision authorizing the laying of the venue in the county in which the defendant resides. Concededly, none of the other provisions of the venue section is applicable. It is asserted that, in the absence of

specific provision dealing with such a situation, the venue is properly laid in the county "where the greatest number of defendants reside, and where the remaining defendants can conveniently attend." While the case in hand is not within the precise letter of the statute, it would seem that its spirit was served by the course pursued. Compare *Fort Orange Paper Co.* v. *Risdon,* 62 *N. J. L.* 579. As there observed by Mr. Justice Van Syckel, "the legislature, in this provision, had in view the convenience of the litigants." Evidently, therefore, the legislative purpose, as evinced in this provision and the subsequent enactments, permitting the joinder of several causes of action under the stated conditions, is subserved when the venue is laid in the county where some of the defendants reside, and generally convenient for the parties.

Cognate statutes are to be construed so as to give effect to all their provisions. These statutory provisions are in *pari materia,* and are therefore to be reasonably construed together, as a harmonious whole, to consistently effectuate the legislative policy. They are to be "taken and construed together as one system, and as explanatory of each other." *In re Book's Will,* 90 *N. J. Eq.* 549. Statutes in *pari materia* "are treated prospectively and construed together as though they constituted one act. This is true whether the acts relating to the same subject were passed at different dates, separated by long or short intervals, at the same session or on the same day. They are all to be compared, harmonized if possible, and, if not susceptible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment. * * * Statutes constituting a system should be so construed as to make that system consistent in all its parts and uniform in its operation. * * * A statute must be construed with reference to the whole system of which it forms a part. And statutes upon cognate subjects may be referred to, though not strictly in *pari materia.*" *Lewis' Sutherland Statutory Construction* (*2d ed.*), § 443. In the application of this principle it has been held that the expression "any person" in a later statute

will be construed to harmonize with an earlier one which required for the purpose certain qualifications. *London Tobacco Pipe Makers* v. *Woodroffe, 7 B. & C.* 838. Such a principle is essential to give "unity to the laws, and connect them in a symmetrical system." *State* v. *Williams, 13 S. C.* 558.

So comparing and viewing the statutory provisions in question, we do not find a legislative purpose, expressed or fairly to be implied, that the joinder of several causes of action is dependent, in a case such as this, upon the residence of all the defendants in one county of the state. It is the general rule that, in the absence of provision to the contrary, a transitory action against several defendants may be brought in the county where any one of them resides, at the plaintiff's election, provided there is no fraudulent joinder for the purpose of thus laying the venue. 67 *C. J.* 101, 112, 122. And it has not been suggested, so far as we are aware, that, under the common law rules of pleading in vogue in this state prior to the adoption of the 1912 supplement to the Practice act, *supra,* the venue provision under consideration laid down a different rule in an action brought to enforce a joint liability where the defendants resided in different counties. Plainly, this provision is to be given the same construction in relation to the joinder of several causes of action now permitted under the latter statute. Only thus can the manifest policy of that enactment be served.

But the applicants also invoke the discretionary authority conferred by section 202 of the Practice act. A change of venue in respect only of the causes of action pleaded against them would, in substance and effect, constitute a severance; and they are not, for the reasons stated, entitled to this. Nor is there any basis for a change, in the exercise of a sound discretion, of the venue of the action in its entirety. This discretionary authority is not of an absolute character. It is restrained by the evident policy of the provision. The plaintiff may choose one of the places designated therein; and the venue thus laid will not be changed in the absence of special circumstances justifying that course. *Fort Orange Paper Co.* v. *Risdon, supra; Bell* v. *Morris Canal and Banking Co.,*

*supra; Delaware, Lackawanna and Western Railroad Co.* v. *North Jersey Ice Co.,* 65 *N. J. L.* 524; *Demarest* v. *Hurd, supra; Chancellor* v. *Morris, supra; Simanton* v. *Moore,* 65 *Id.* 530; *Herbert* v. *Terhune,* 68 *Id.* 112; *Keeley* v. *Belmar, supra; Worley* v. *Scudder, supra.* And, in the exercise of the statutory discretion, a change of venue will not be effected, for considerations of convenience, "upon any nice balancing of circumstances of mere accommodation to the parties." *Demarest* v. *Hurd, supra; Simanton* v. *Moore, supra; Keeley* v. *Belmar, supra.* Where the inconveniences offset each other, or nearly so, there is no ground for such judicial intervention. *Chancellor* v. *Morris, supra.* In that situation, the legal right of the plaintiff prevails.

Here the convenience of the vast majority of the defendants will be served by continuing the venue in the county of Essex. As noted, one hundred and sixty-three defendants reside there, and three hundred and fourteen are residents of adjacent counties. And it is not suggested, nor could it reasonably be, that the applying defendants will thereby be prejudiced or inconvenienced in any real sense.

Rule discharged, with costs.