JOSEPH KELLY, RELATOR, v. MICHAEL KEARINS ET AL., RESPONDENTS.

Argued October 3, 1944—Decided December 28, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the relator, *Edward Stover*.

For the respondents, *John J. Fallon*.

The opinion of the court was delivered by

PERSKIE, J. The question for decision is the propriety of respondents' denial of relator's asserted right to be retired on pension pursuant to the Veterans Act, *R. S.* 43:4–2, *et seq.*, as amended by *Pamph. L.* 1943, *ch.* 87, and *Pamph. L.* 1944, *ch.* 191.

The pertinent statutory provisions as lastly amended and upon which relator relies provide as follows:

*R. S.* 43:4–2. "When an honorably discharged soldier, sailor or marine has or shall have been for twenty years continuously or in the aggregate in office, position or employment of this State or of a county, municipality or school district or board of education, except in the case of teachers in the public schools, the body, board or officer having power to appoint his successor in case of vacancy, may, with his assent, order his retirement from such service, or he shall be retired on his own request."

*R. S.* 43:4–3. "A person so retired shall be entitled, for and during his natural life, to receive by way of pension, one-half of the compensation then being received by him for his service, which shall be paid in the same way and in the same installments as his compensation has been payable. * * *"

"In case of retirement with pension from office or position under any other law of this state, the persons retiring shall waive either his pension under that law or his pension under this article."

R. S. 43:4–4. "Provisions for all pensions arising under this article shall be made in the appropriation or tax levy for the department of the public service from which the person shall be retired. * * *"

The facts in support of the relator's asserted right are not in dispute. They disclose that relator, Joseph Kelly, is an honorably discharged veteran of the First World War. He was appointed on April 17th, 1924, and is a patrolman in good standing, in the police department of the City of Hoboken and has served for more than twenty years.

On June 16th, 1944, and June 22d, 1944, relator then forty-nine years of age, made application, orally and in writing, to the Pension Commission of the City, to its secretary, and to the mayor and commissioners of the city to be retired on pension solely pursuant to the aforesaid quoted provisions of the Veterans Act, R. S. 43:4–2, et seq. His application was denied.

That denial is defended by respondents on several grounds. First, since R. S. 43:16–1, et seq., as amended by Pamph. L. 1944, ch. 253, approved May 23d, 1944, effective July 1st, 1944 (regulating the retirement of policemen and firemen on pension and creating a pension fund) obtains in the City of Hoboken, as it has obtained therein since the enactment of Pamph. L. 1920, ch. 160, and since there has been deducted, without protest, from every payment of salary to the relator the statutory exaction of 4% thereof, ergo, relator's asserted right to be retired on pension even though he be a veteran is controlled by R. S. 43:16–1, et seq. Second, even if relator's right were controlled by the Veterans Act, then R. S. 43:4–2, which provides for twenty years of service but makes no provision for having attained a fixed age, must be construed together with R. S. 43:4–1, as amended by Pamph. L. 1940, ch. 211, which provides for the attainment of the age of sixty-two years but makes no provision for any time of service. Incapacitation is not involved in this case.

Thus if the grounds of respondent's denial are sound then it clearly follows that relator's asserted right to be retired on pension, made when he was forty-nine years of age, was premature under *R. S.* 43:16–1, *et seq.*, when by its terms it conditioned his asserted right upon having attained the age of fifty years and having served for twenty years, and it was likewise premature under the amendment thereof (*Pamph. L.* 1944, *ch.* 253) when by its terms it conditioned his asserted right upon his having reached the age of fifty-three years and having served for twenty-five years; and it was also premature if *R. S.* 43:4–1 and *R. S.* 43:4–2 are read together for then twenty years of service and the attainment of sixty-two years of age are required.

If, however, *R. S.* 43:4–1 and *R. S.* 43:4–2 are independent and unrelated statutes, as urged for relator, then his asserted right to be retired upon pension under *R. S.* 43:4–2, as amended, was timely.

We think the denial of relator's asserted right was proper.

Relator, upon satisfying their respective conditions, had the right or privilege of choosing to invoke the benefits of *R. S.* 43:16–1, *et seq.* (pension for policemen and firemen) which "includes all and excludes none of the members of the police" and fire departments where the statute obtains and their respective dependents who too are entitled to its benefit in their own "right," and which relator could not impair. *McCaw* v. *Ganser,* 123 *N. J. L.* 69, 73; 8 *Atl. Rep.* (*2d*) 70. By like token, relator had the right or privilege of choosing to invoke *R. S.* 43:4–1, *et seq.* He was, however, put to a choice. For he could not have the benefit of both. Upon a choice of either he was obliged to waive the other. *R. S.* 43:4–3.

We need not further labor this point. It should suffice to observe that relator states that he carefully weighed the benefits and burdens of the respective statutes. He was fearful of what he regards as the burdensome changes wrought by the 1944 amendment (*Pamph. L.* 1944, *ch.* 253) of *R. S.* 43:16–1, *et seq.*, and of future added burdens which the legislature may impose. Hence, with full knowledge that his wife would not be entitled after his death to a pension

thereunder, he chose to invoke the benefits of *R. S.* 43:4–2 (Veterans Act), by the terms of which, *inter alia,* no deductions are made either from his salary or pension payments. Relator adheres to his choice.

Many are the statutory classes and conditions for the retirement of public servants on pension and·for the establishment and upkeep of pension funds. See *R. S.* 1937, *Title* 43. And yet a reading of each discloses a clear legislative pattern determinative of the policy of the state for the retirement on pension of public servants for honest and efficient services. *Cf. Walter* v. *Police and Fire Department, &c., Trenton,* 120 *N. J. L.* 39, 42; 198 *Atl. Rep.* 383. That pattern, save for incapacity, is that the public servant shall have attained a fixed age *and* additionally shall have served a fixed number of years, but not upon having *only* attained a fixed age (*R. S.* 43:4–1) nor upon *only* having served for a fixed number of years (*R. S.* 43:4–2). Both concomitants must be satisfied.

While *R. S.* 43:4–1 and *R. S.* 43:4–2 have for their source independent statutes, nonetheless, we do not regard them as unrelated statutes. On the contrary, we hold them to be "cognate" statutes. Their provisions are in *"pari materia."* Accordingly, we have "taken and construed" them "together" as part of "one system" and "explanatory of each other." *Cf. In re Books Will,* 90 *N. J. Eq.* 549, 553; 107 *Atl. Rep.* 435. So "reasonably construed together, as a harmonious whole, they consistently effectuate" the legislative pattern upon which the policy of the state for the retirement on pension of public servants is based. *Cf. Broderick* v. *Abrams,* 116 *N. J. L.* 40, 45; 181 *Atl. Rep.* 321.

Relator has failed to satisfy both conditions of the Veterans Act, *supra,* as we construe it (requiring twenty years of service *and* additionally the attainment of sixty-two years of age), in support of his asserted right to be retired on pension.

The writ is dismissed, without costs.