37 N.J. Super. 333 (1955)
117 A.2d 312
STUART R. RACE, PLAINTIFF-RESPONDENT,
v.
THE BOARD OF EDUCATION OF THE TOWN OF NEWTON, IN THE COUNTY OF SUSSEX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1955.
Decided October 18, 1955.
*334 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Vito A. Concilio argued the cause for appellant.
Mr. Cassel R. Ruhlman, Jr., argued the cause for respondent (Messrs. Ruhlman & Ruhlman, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
The precursory observation may be expressed that in consequence of legislative action the fundamental question which has occasioned the present litigation will no longer be controversial after January 1, 1956. Thereafter no veteran of military service who is eligible for membership in the Teachers' Pension and Annuity Fund will be entitled to receive retirement benefits pursuant to R.S. 43:4-1 to 43:4-5 inclusive. L. 1955, c. 37, §§ 52, 73; N.J.S.A. 18:13-112.3, et seq. A comparable legislative *335 policy is discoverable in L. 1953, c. 423, § 15; L. 1954, c. 84, § 56.
Here, however, the plaintiff, an honorably discharged veteran of World War I, who had been employed by the Board of Education of the Borough of Glen Rock in the County of Bergen from July 1, 1930 to August 15, 1941, and by the defendant board of education continuously since August 15, 1941, and having attained 62 years of age, resolved to retire from his position as superintendent of the Newton public schools.
On April 7, 1954 the plaintiff dispatched the following informative communication to the defendant:
"After a careful study of the problems involved in retirement, I have decided to take advantage of the provisions  Retirement of Certain Veterans After Twenty Years' Public Service  43:4-1 et seq. as amended by Chapter 87 of the Laws of 1943, Chapters 191 and 211 of the Laws of 1944 and by Chapter 279 of the Laws of 1947.
Enclosed is a copy of the above provisions, also a copy of my honorable discharge from the Army."
It is appropriate to state that the plaintiff was then receiving an annual salary of $7,500. On July 1, 1954 the defendant addressed a reply to the plaintiff's communication, the significant portion of which follows:
"The Newton Board of Education has directed me to send this communication to you.
The Newton Board of Education has taken official action concerning your letter of April 7, 1954. The board is in sympathy with you, but is not in a position to grant your request without submitting the issue to the voters of Newton.
The board believes that if you are entitled to the benefits of the act, you have waived any rights thereunder. You have represented to the board on many occasions that you were not retiring under the act and, as you told the committee from the board, changed your mind in April after computing the difference in benefits.
Regardless of the situation, no funds have been appropriated for the payment. An election has been scheduled for August 25, 1954, and we will abide by the decision of the voters."
Accordingly the proposal of the board of education to issue promissory notes in anticipation of taxes to raise the sum *336 of $3,750 necessary to pay the pension was submitted by way of referendum to the voters of the borough on the designated date and the voters disapproved of the proposal. The tally disclosed 256 ballots against the proposal and 26 in favor of it.
The defendant board had announced in its communication to the plaintiff that its action relative to the payment of the pension would be consonant with "the decision of the voters." Acting upon that assurance the plaintiff instituted the present action in quest of a judgment
"(a) Commanding and directing the Defendant to adopt a resolution fixing Plaintiff's pension at $3,750.00 per year and authorizing the payment of such pension.
(b) Directing the Defendant to pay to the Plaintiff the amount of unpaid installments due on account of such pension from the date when he became entitled thereto."
The defendant in its answer and in the amendment thereof averred seven separate defenses which were asserted at the trial and are implicated in the consideration of the instant appeal.
Judge Hall, sitting in the Law Division, Sussex County, orally announced his determination that the plaintiff was in law and fact entitled to a judgment in his favor. We are requested by the defendant's appeal to review the propriety of the judgment.
Point I born of the defendant's first separate defense projects the insistence that the plaintiff is not entitled to the veterans' pension in that he has not been in the employ of the board of education of the Town of Newton continuously for a period of 20 years. The applicable section of the statute (R.S. 43:4-2) awards the veteran retirement on pension on his own request who shall have been for 20 years "continuously or in the aggregate" in "office, position or employment * * * of a * * * board of education." By reason of its parallel analogy this supposed defense was erased by the precedential decision in Murphy v. Zink, 136 N.J.L. 235 (Sup. Ct. 1947), affirmed 136 N.J.L. 635 *337 (E. & A. 1948), in which it was declared that the veteran's period of service is not required by the terms of the statute to have been rendered exclusively in the employment of one and the same particular department of government.
Point II originating in the second separate defense proposes that the plaintiff upon becoming a member of the New Jersey Teachers' Pension and Annuity Fund, ipso facto, voluntarily waived his right thereafter to receive the veterans' pension. A defense of conspicuous similarity was present in Kelly v. Kearins, 132 N.J.L. 308 (Sup. Ct. 1944) and was not therein regarded as meritorious. A section of the veterans' pension statute of relevant significance (R.S. 43:4-3) may be appropriately quoted with supplied emphasis:
"In case of retirement with pension from office or position under any other law of this state, the person retiring shall [then?] waive either his pension under that law or his pension under this article."
Points III and IV arising from the averments of the third and fourth separate defenses introduce the idea that the plaintiff by means of his previous critical and cynical comments made before the board concerning the veterans' pension act had thereby either intentionally exhibited his present or eventual relinquishment of any right to claim benefits thereunder or by such vocal deliverances estopped himself from ever thereafter doing so.
Testimony was submitted by the defendant at the trial in the endeavor to erect a factual basis for those alleged defenses. It served little more than to disclose that the plaintiff's comments generated by implication that he probably would not upon retirement avail himself of the benefits of the existing veterans' pension act, the wisdom of which he then viewed with disapprobation.
Anent this issue the trial judge was heard to say:
"Taking all of the testimony in its light most favorable to the defendant, I conclude there is no sufficient showing in law of waiver or estoppel here which would prevent the plaintiff from claiming retirement under the Veterans' Pension, which he did first by his letter of April 7, 1954. Therefore, the testimony, while admissible *338 on this score, does not establish waiver or estoppel in law, and I hold that there is none insofar as the plaintiff is concerned."
Our examination of the testimony does not adequately induce us to disagree with the conclusion of the trial judge.
Point V here iterates the numerically corresponding separate defense that the defendant cannot lawfully pay the pension because there is no budget appropriation from which to disburse it. The statute ordains:
"Provisions for all pensions arising under this article shall be made in the appropriation or tax levy for the department of the public service from which the person shall be retired. * * *" R.S. 43:4-4.
This point is too thin to cast a shadow of merit. It is not presented to us with any noticeable earnestness. Assuredly the responsible department of local government cannot annihilate an act of the Legislature by its failure or refusal to provide funds necessary for its mandatory obedience.
Akin to Point V is Point VI, which suggests the legal inability of the defendant to award the pension since the voters of the school district in effect expressed their disapproval of such an obligation. The result of the referendum may well have informationally gratified the inquisitiveness of the members of the board on the subject, but the event did not constitute in the state of the applicable statutory law any defense to the plaintiff's cause of action.
And then Point VII, the final one, turns up, procedural in its subject matter. Its purpose is to invoke on behalf of the defendant the limitation prescribed in R.R. 4:88-15, upon the premise that the present action was not instituted within 30 days after the accrual of the plaintiff's right to prosecute it.
It is advocated by counsel for the appellant that the plaintiff's cause of action originated upon his receipt of the defendant's communication on July 1, 1954. Obviously the defendant had not at that time taken any decisive action, for the letter of that date states:
*339 "The board is in sympathy with you, but is not in a position to grant your request without submitting the issue to the voters of Newton. * * * we will abide by the decision of the voters."
The decision of the voters in accordance with which the board announced its intention to act was not ascertained until August 25, 1954. Had the majority of the votes been in the affirmative, there would have been no apparent occasion for the plaintiff to inaugurate any litigation. The present action was commenced as previously mentioned on September 23, 1954.
The trial judge concluded that in the circumstances the institution of this action was timely, and in that determination we concur.
The judgment is affirmed.