63 N.J. Super. 148 (1960)
164 A.2d 192
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK EARL SCHREFFLER, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1960.
Decided September 30, 1960.
*150 Before Judges GOLDMANN, FREUND and KILKENNY.
Mr. Thomas L. Smith, Salem County Prosecutor, on the brief for the State of New Jersey.
Mr. Frank Earl Schreffler, Jr., on the brief, pro se.
The opinion of the court was delivered by KILKENNY, J.A.D.
In September 1956 the defendant was indicted in Salem County for the crime of carnal abuse, N.J.S. 2A:138-1, and for the crime of assault with intent to commit carnal abuse, N.J.S. 2A:85-1. He first pleaded not guilty, but thereafter, on November 9, 1956, withdrew his not guilty plea and entered a plea of non vult to both indictments and placed himself upon the mercy of the court. He then had the assistance and advice of court-assigned counsel and fully understood the effect of his new plea, as the record below shows.
Thereupon the Salem County Court, proceeding under N.J.S. 2A:164-3, which applies to persons convicted of the offense of carnal abuse and other sex crimes specified therein, ordered the defendant committed to a diagnostic center for a complete physical and mental examination. This was done. Based upon the written report and recommendation of the diagnostic center, as required by N.J.S. 2A:164-5 and 6, but in the exercise of discretion as to the alternative measures to be pursued, the Salem County Court committed the defendant to the New Jersey State Hospital at Ancora on January 21, 1957, for treatment as a sex offender. In so doing no minimum or maximum term for *151 his commitment was specified by the court, all in accordance with N.J.S. 2A:164-6, which specifically provides, "Such order of commitment shall not specify a minimum period of detention, but in no event shall a person be confined or subject to parole supervision for a period of time greater than that provided by law for the crime of which such person was convicted."
On May 13, 1957 the defendant escaped from the hospital. He was apprehended shortly thereafter and charged with and convicted of another sex crime committed by him after his escape. The Camden County Court sentenced him for that new offense to State Prison for a term of not less than three nor more than seven years.
On July 31, 1957 the Commissioner of Institutions and Agencies, pursuant to the discretion vested in him by N.J.S. 2A:164-7, transferred the defendant to the New Jersey State Prison where he is presently confined.
In 1959 the defendant made a motion before the Salem County Court to have a minimum and maximum term fixed for his confinement resulting from the 1956 offenses, but that court on January 22, 1960 denied his motion. This appeal is from the judgment denying that motion.
The defendant labors under the misconception that he was not sentenced by the Salem County Court, but was sentenced by the hospital authorities for a term of 30 years. Actually, the defendant was not "sentenced" at all, but rather "committed" to an institution for treatment under the Sex Offender Act. Apparently he had made inquiry from the hospital authorities as to the possible duration of his confinement and was informed that it was for an indeterminate term with a maximum period of detention of 30 years. He misconstrues this information to mean that the hospital authorities had sentenced him for 30 years. In fact, he was being told only what the statute provides, namely, that an order of commitment in such cases shall not specify a minimum period of detention but in no event shall a person be confined for a period of time greater than that provided *152 by law for the crime of which he was convicted. The maximum time for which a person may be incarcerated in a case of the crime of carnal abuse is 30 years. N.J.S. 2A:138-1.
When a person has been convicted of the offense of carnal abuse, or the other sex crimes specified in N.J.S. 2A:164-3, whether he will be committed for treatment for an indeterminate period not to exceed the maximum confinement under the law for the crime, or sentenced to prison for a maximum and minimum term under N.J.S. 2A:164-17, depends upon the report of the clinical findings and the recommendations by the diagnostic center, which determine whether the defendant comes within the purview of the statute for treatment. The statute makes it the duty of the court, upon the recommendation of the diagnostic center and the findings required by N.J.S. 2A:164-5, to commit the defendant to a program of specialized treatment for his mental and physical aberrations. This was done in this case. No contention is made by the defendant that there was any deviation from the statute.
The distinction under the Sex Offender Act between a "sentence" under N.J.S. 2A:164-17, in which the maximum and minimum time must be fixed, and a "commitment" for treatment under N.J.S. 2A:164-6 for an indeterminate term, in which the maximum and minimum periods of confinement are not fixed, though the maximum is limited by the statute, was clearly pointed out in State v. Newton, 30 N.J. Super. 382 (App. Div.), affirmed 17 N.J. 271 (1954), which is comparable to the facts herein. There, it was held that commitment to an institution for treatment under the Sex Offender Act is an institutional confinement and not a sentence. Unlike a sentence to prison, such commitment does not require the court to fix a minimum and maximum term, notwithstanding the defendant's later transfer to State Prison. The transfer from the hospital to State Prison, pursuant to the discretion and authority vested in the Commissioner of Institutions and Agencies, *153 does not change the character of restraint from confinement for treatment to a sentence, but merely changes the locale of confinement and the supervisory agency in the stages of treatment. The time for treatment depends upon many factors not developed at the time of commitment. For that reason the Legislature in its wisdom has seen fit to cast the statute in its present form.
In Tully v. Tramburg, 57 N.J. Super. 377 (App. Div. 1959), this court again affirmed the statutory power of the Commissioner of Institutions and Agencies to transfer a person convicted under the Sex Offender Act from a hospital to State Prison.
The constitutionality of the act dealing with the treatment of sex offenders, N.J.S. 2A:164-3 et seq. was expressly upheld by our Supreme Court in State v. Wingler, 25 N.J. 161 (1957).
It thus appears that the motion before the Salem County Court was properly denied and its judgment is hereby affirmed.