91 N.J. Super. 426 (1966)
221 A.2d 23
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES F. JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1966.
Decided June 10, 1966.
*428 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Herman L. Fast, assigned counsel, argued the cause for appellant.
Mr. Martin G. Holleran, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Prosecutor, attorney; Mr. George A. Franconero, Assistant Prosecutor, on the brief).
GOLDMANN, S.J.A.D.
This is an appeal from a County Court order denying defendant's petition for post-conviction relief.
On February 13, 1962 defendant entered pleas of guilty to eight accusations, four involving sex offenses: rape and three assaults with intent to rape. He was represented by a court-assigned counsel, experienced and capable in the trial of criminal matters. The transcript indicates that the required procedures before acceptance of pleas were fully complied with by the trial judge and prosecutor, and we are convinced that defendant was completely cognizant of what he was doing and the consequences of pleading guilty. As required by statute in sex offenses of this nature, N.J.S. 2A:164-3, the trial judge referred defendant to the Menlo Park Diagnostic Center for examination and report. The examination was thorough and detailed. Defendant's condition was diagnosed as a latent schizophrenia, paranoid type, and such pathology was described as of a compulsive and repetitive *429 nature, dangerous and of homicidal potential. The report recommended that defendant be committed to a hospital of maximum security.
On April 11, 1962 the trial judge, after considering the Diagnostic Center report, sentenced defendant to the New Jersey State Hospital at Trenton for consecutive terms not exceeding 30 years on the rape charge and 12 years on each of the assault with intent to rape charges  a total maximum of 66 years. Sentences on the remaining four charges were suspended. Thereafter, on September 19, 1963, the Special Classification Review Board of the Department of Institutions and Agencies recommended that defendant be transferred to a regular prison. The Board was of the opinion that, from a psychiatric standpoint, defendant was not psychotic and "not a good candidate for psychotherapy"; that he was "untreatable," and that his impulses would continue. The report noted that the transfer to prison "is also the wish of the patient." The Board diagnosis was: "(1) Sociopathic Personality Disturbance, Sexual Deviation and (2) Sociopathic Personality Disturbance, Emotional Reaction."
In August 1964 defendant filed a petition for post-conviction relief on the following grounds: (1) he was mentally incompetent when he pleaded guilty, and (2) he was not properly represented by counsel at the time of the pleas. He also requested that he be permitted to withdraw his guilty pleas, enter pleas of not guilty and be given a jury trial. Following a hearing, the County Court judge denied all relief. Defendant then appealed as an indigent and we assigned counsel and granted him a transcript.
Defendant's main contention is that he was mentally incompetent when he pleaded guilty and also at the time of sentence. His claim is based on the Diagnostic Center report. He asserts that it was plain error on the part of the sentencing judge not to conduct a sanity hearing on his own motion in order to determine the possibility of a defense of insanity. We find no merit in this argument. It is raised for the first time on appeal. But more significantly, there is nothing in *430 the Diagnostic Center report to indicate insanity such as would be a defense under the M'Naghten rule, followed in New Jersey. See State v. Lucas, 30 N.J. 37 (1959). We have not yet adopted the Durham rule, or that set out in the Model Penal Code, § 4.01 (see United States v. Freeman, 357 F.2d 606 (2 Cir. 1966)). Further, the diagnosis made by the Diagnostic Center spoke as of the time the mental examination was made, and we do not read its report to mean that the same mental condition necessarily prevailed at the time the guilty pleas were entered or when defendant was sentenced.
The Diagnostic Center report, made pursuant to N.J.S. 2A:164-4, was never intended to be the substitute for proceedings under N.J.S. 2A:163-2 and 3. N.J.S. 2A:163-2 provides that
"If any person in confinement under commitment, indictment or under any process, shall appear to be insane, the assignment judge, or judge of the county court of the county in which such person is confined, may, upon presentation to him of the application and certificates as provided in Title 30, chapter 4 of the Revised Statutes, institute an inquiry and take proofs as to the mental condition of such person. * * *"
It is apparent from this that (1) defendant must appear to be insane, (2) the court has discretion to inquire into sanity, and (3) presentation of an application is a condition to the initiation of such an inquiry. Defendant met none of these conditions; indeed, sanity was never pleaded. See N.J.S. 2A:163-3.
The contention that the trial judge was on notice of defendant's possible insanity is not supported by the record. Among other things, mention might be made of the testimony of his former defense counsel when examined at the post-conviction hearing. Asked by the court: "Was he [defendant] able to communicate with you and you with him?" he answered, "He communicated very intelligently." Defendant cites State v. Butler, 27 N.J. 560 (1958); State v. Lucas, above, 30 N.J. 37 (1959), and State v. Vigliano, 43 N.J. *431 44 (1964), in support of his position. We find none of them apposite; they are clearly distinguishable on their facts.
Nor do we find merit in defendant's contention that the sentences were illegally imposed because the Diagnostic Center report was not submitted to him before sentence. The record is clear that the report was made available to his assigned attorney, who read it and discussed it with him. State v. Wingler, 25 N.J. 161 (1957), on which defendant relies, is distinguishable, for there the report was not submitted either to defendant or his counsel, and he was sentenced without a hearing upon the report.
Finally, we observe that defendant did not take an appeal from the judgment of conviction. He cannot, for the first time in the post-conviction proceedings, claim prejudice with regard to the Diagnostic Center report. State v. Smith, 43 N.J. 67 (1964); R.R. 3:10A-4.
Following the denial of his petition for post-conviction relief, defendant wrote the trial judge claiming that his transfer from the State Hospital to the State Prison was illegal. The issue was not raised in the petition for post-conviction relief nor argued at the hearing thereon, and we therefore should not consider it. State v. Smith, above. But on the merits, defendant makes no affirmative showing to support his present complaint. The discretion of the Commissioner of Institutions and Agencies to transfer a person committed under the Sex Offender Act has been the subject of prior decisions, which require an affirmative showing by defendant that the transfer was arbitrary. State v. Wingler, above, 25 N.J., at page 180; State v. Bray, 67 N.J. Super. 340, 346-347 (App. Div. 1961); N.J.S. 2A:164-7.
We find no substance in defendant's claim of inadequate representation by counsel at the times of plea and sentence  by now a contention worn threadbare from indiscriminate and reckless use. See State v. Dennis, 43 N.J. 418, 428 (1964), referring to this court's opinion in State v. Bentley, 46 N.J. Super. 193, 203 (1957).
*432 Defendant refers to alleged involuntary "confessions" obtained by the police after his arrest, and urges that he should have been granted post-conviction relief because they were made without the benefit of counsel, citing Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). But the "confessions" were never used, for defendant chose to plead guilty. At the time of plea he raised no objection to the alleged "confessions," nor did he assert violation of any other constitutional rights. Accordingly, he should not be heard to argue the issue he now raises. State v. Humphreys, 89 N.J. Super. 322, 326 (App. Div. 1965).
Finally, defendant, for the first time on this appeal, asserts that the sentences imposed were excessive. Ordinarily, therefore, we would not consider the matter, but we take the opportunity to refer to the provisions of N.J.S. 2A:164-6. That statute authorizes the trial judge, upon written report and recommendation of the Diagnostic Center, to commit the accused to an institution designated by the Commissioner of Institutions and Agencies for treatment, and if he does so, the order of commitment "shall not specify a minimum period of detention, but in no event shall the person be confined * * * for a period of time greater than that provided by law for the crime of which such person was convicted." The trial judge did not have to refer to a maximum term in sentencing defendant on any of the four charges. However, we perceive no error in his stating the maximum term for each offense.
The order is affirmed.