105 N.J. Super. 381 (1968)
252 A.2d 404
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WARREN L. CLARK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1968.
Decided April 11, 1968.
*382 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Paul Bangiola, assigned counsel, argued the cause for defendant-appellant.
Mr. Donald R. Del Monte, Assistant County Prosecutor, argued the cause for plaintiff-respondent (Mr. Frank C. Scerbo, Morris County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from a judgment of the County Court denying his application for post conviction relief.
Defendant on June 12, 1964, in the presence of assigned counsel, entered a guilty plea to charges of carnal abuse, incestuous conduct between parent and child, contributing to the delinquency of a child, lewdness, and possession with intent to utter and expose obscene pictures.
On June 8, 1964, defendant executed Criminal Procedure Form 13A, in which he acknowledged, inter alia, that he understood the nature of the offenses with which he had been charged and intended to plead guilty. Thereon, his assigned attorney certified that Clark had answered and signed the Form in the attorney's presence.
Following plea, the County Court judge, pursuant to N.J.S. 2A:164-3, ordered defendant to Menlo Park for examination. Thereafter, defendant was committed as a sex offender to the New Jersey State Hospital at Greystone Park *383 for concurrent indeterminate terms for carnal abuse and lewdness. Clark was also sentenced to three concurrent terms at the Trenton State Prison for the three remaining offenses. The prison sentences were consecutive to the sex offender commitments.
On July 20, 1965 defendant escaped from Greystone. He was apprehended, and on November 12, 1965 entered a guilty plea to the crime of escape. For this offense, he was sentenced to Trenton for a term concurrent with the prison sentences previously imposed. On the same day that defendant pleaded guilty to the escape charge, the Commissioner of Institutions and Agencies, pursuant to N.J.S. 2A:164-7, ordered that defendant's commitment as a sex offender be transferred from Greystone to the Rahway State Prison Farm.
Defendant does not seek post-conviction relief from his escape conviction.
As to all the other convictions, defendant first contends that he was denied his right to the effective assistance of counsel. In support of this point he argues that his assigned counsel never informed him of the actual elements of the offenses that defendant had been accused of committing and never made any attempt to inquire into any possible defenses that he might have had. Specifically defendant urges that his counsel failed to obtain an independent psychiatric examination of him and thus gave no consideration to a possible defense of insanity. Based upon these contentions defendant requests us to permit him to withdraw his guilty pleas.
Defendant's execution of Form 13A weighs heavily against his assertion that his plea was not entered voluntarily and understandingly. State v. Herman, 47 N.J. 73, 77 (1966). Additionally, the record discloses that defendant's counsel at the plea spent considerable time explaining to Clark the latter's rights and the nature of the various offenses with which defendant had been charged. Likewise, the presiding judge repeatedly asked Clark if the latter *384 understood the charges against him and knew what he was doing. Defendant responded in the affirmative to the court's questioning. We determine that the record supports the conclusion of the court below that defendant entered his guilty pleas voluntarily and understandingly.
The record further establishes that prior to sentence, defendant was, at his counsel's request, examined by a Dr. Collins, and that counsel stated to the court that the report of that examination materially corresponded to the Menlo Park psychiatric report. Though these reports may indicate some psychological abnormality on the part of defendant, the record is entirely devoid of any basis for the assertion of the defense of legal insanity. Accordingly, we conclude that assigned counsel was under no obligation to raise that defense.
Defendant has not established that counsel assigned to him at the time of his pleas was so egregiously incompetent as to make reliance upon the latter's advice a mockery of justice. See State v. Dennis, 43 N.J. 418, 428 (1964); State v. Bentley, 46 N.J. Super. 193, 203-204 (App. Div. 1957). The record does not reveal that any ineffectiveness of counsel caused defendant to enter pleas that were not knowingly and understandingly made. Accordingly, these pleas will not be set aside.
Defendant next contends that the Commissioner of Institutions and Agencies was without legal power to transfer him from Greystone to Rahway. This point lacks substance. See State v. Wingler, 25 N.J. 161, 171-172 (1957); State v. Newton, 17 N.J. 271 (1955); State v. Johnson, 91 N.J. Super. 426, 431 (App. Div. 1966); State v. Bray, 67 N.J. Super. 340, 346-347 (App. Div. 1961); State v. Schreffler, 63 N.J. Super. 148, 153 (App. Div. 1960); Tully v. Tramburg, 57 N.J. Super. 377, 385 (App. Div. 1959).
Judgment affirmed.