101 N.J. Super. 315 (1968)
244 A.2d 318
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS P. MICKSCHUTZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1968.
Decided June 18, 1968.
*316 Before Judges GAULKIN, LEWIS and KOLOVSKY.
*317 Mrs. Miriam N. Span, Assistant Deputy Public Defender, argued the cause for defendant-appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Martin J. Queenan, Burlington County Prosecutor, argued the cause for plaintiff-respondent (Mr. Myron H. Gottlieb, on the brief).
Mr. Eugene T. Urbaniak, Deputy Attorney General, appeared for the Department of Institutions and Agencies (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant pleaded guilty to three accusations, each of which charged him with impairing the morals of a different minor girl in violation of N.J.S. 2A:96-3. Pursuant to N.J.S. 2A:164-3 et seq., he was committed to the Diagnostic Center for examination. The Center reported that defendant "falls within the purview of N.J.S. 2A:164-5 of the Sex Offender Act requiring a program of specialized treatment," and recommended (with some qualification) that he "be placed on probation, (N.J.S. 2A:164-6(a))." N.J.S. 2A:164-6 provides:
"The disposition to be made by the court of such person, upon written report and recommendation of the diagnostic center, shall include 1 or more of the following measures:
a. The court may place such person on probation with the requirement, as a condition of said probation, that he receive out-patient psychiatric treatment in the manner to be prescribed in each individual case.
b. Such person may be committed to an institution to be designated by the commissioner of institutions and agencies for treatment, and upon release shall be subject to parole supervision.
In the event that the court shall order a commitment of the person as provided in this section, such order of commitment shall not specify a minimum period of detention, but in no event shall the person be confined or subject to parole supervision for a period of time greater than that provided by law for the crime of which such person was convicted."
*318 The trial judge elected to reject the recommendation of the Center that defendant be placed on probation and, on August 26, 1965, committed him under N.J.S. 2A:164-6 (b) to an institution designated by the Commissioner of Institutions and Agencies, namely, the State Prison Farm at Rahway. Impairing the morals of a minor is a misdemeanor, which carries a maximum penalty of three years. The judge ordered that the commitment be
"* * * for an indeterminate period on each accusation, with the maximum on each accusation of three years * * * and these periods of commitment run consecutively. This means that the period of your commitment to the Diagnostic Unit of the State Prison Farm is for an indefinite period, subject to that maximum limitation of nine years, but means that you will receive the treatment there that I think that you need, and can be discharged when the experts in that institution feel that in their opinion you may safely be released to regain your place in society."
Defendant contends that the trial court was bound to follow the recommendation of the Center to place him on probation, and the court had no right to commit him to an institution. We disagree.
A trial court has no right to ignore the Center's finding that a defendant falls within the purview of the act and sentence him as an ordinary criminal. State v. Thompson, 84 N.J. Super. 173, 177 (App. Div 1964). But the court does have the right to commit the defendant under 6(b) even though the Center recommends that the defendant be placed on probation under 6(a). We need not decide whether a court has the power to place a defendant on probation under 6(a) against the Center's recommendation that a defendant be committed under 6(b), but the language of 6(a) indicates plainly that the Court is not compelled to accept a recommendation of probation. 6(a) states that the probation shall be "with the requirement, as a condition of said probation, that he receive out-patient psychiatric treatment in the manner to be prescribed in each individual case." There may be many reasons why probation in a given case is impractical *319 or undesirable, and we are convinced that the Legislature intended to leave it to the discretion of the court whether to follow a recommendation of 6(a) probation. See also State v. Schreffler, 63 N.J. Super. 148, 150 (App. Div. 1960).
If that be so, defendant argues that here it was an abuse of the court's discretion to ignore the recommendation of the Center. We doubt whether this question may be raised in an application for post-conviction relief, especially after defendant has been confined since 1965. In any event, we find here no abuse of discretion.
Defendant argues that consecutive sentences under the Sex Offender Act are prohibited. We find nothing in the statute or the cases which supports that contention. See State v. Johnson, 91 N.J. Super. 426 (App. Div. 1966). Since the maximum term for each offense was three years, the trial judge doubtless felt that the period of possible confinement or parole should be nine years rather than the three years which concurrent sentences would provide, and we think that the Legislature meant to give that discretionary power to the court.
When the case was presented to us we learned that the Parole Board was treating consecutive sentences under the Sex Offender Act as it does consecutive sentences for ordinary crimes. As the Board said in a letter dated March 15, 1968 to the Public Defender:
"Where a sentence is within the framework of the Sex Offender Law, such sentence is indeterminate in character. Since there is no direct provision in the law for aggregating consecutive indeterminate sentences to produce a single sentence, the prisoner commences service of the first sentence. In order to commence service of the second sentence, he must either be paroled on the first sentence or serve the maximum of the first. Then the same procedure must be repeated as to the second, parole or service of maximum, as the case may be.
It should be noted that as to the sex offenders this Board considers such cases for parole only upon the recommendation of the Special Classification Review Board, and in absence of such Board having referred a case to this agency for consideration, the prisoner would not be afforded parole consideration."
*320 Since this seemed to us a questionable interpretation of the law, we requested the Department of Institutions and Agencies to participate in the oral argument, which it did. Thereafter, on May 23, 1968, we addressed the following letter to all counsel, the Department of Institutions and Agencies and the Parole Board:
"It is our present view that the philosophy of the Sex Offender Act requires that consecutive sentences thereunder must be aggregated, so that a defendant may be paroled on the aggregated sentences as soon as the Special Classification Review Board finds him `capable of making an acceptable social adjustment in the community' and ready for parole. We intend to file an opinion which will direct that Michschutz's sentences be so aggregated and that the Special Classification Review Board re-examine and report upon his fitness for parole in the light of such aggregation.
This letter is written to you to inquire whether you disagree with our tentative conclusions. If you do, please state your reasons in a letter and state whether you wish oral argument."
We received no word of disagreement in answer to our letter.
The philosophy of the Sex Offender Act is that those who come within it require treatment, not punishment. State v. Wingler, 25 N.J. 161 (1957); State v. Newton, 30 N.J. Super. 382, 386 (App. Div. 1954), affirmed 17 N.J. 271 (1955); State v. Thompson, supra, at p. 178. The purpose of the act is cure of a defendant. That is the prime justification for the provision of the act that, regardless of the circumstances of the offense or the willingness of the victim, a defendant is subject to confinement until he is "capable of making an acceptable social adjustment in the community," even though that be for the period equal to that provided by law as the maximum punishment for the crime of which he was convicted. This may be for as much as 30 years for a single offense and for longer than the facts would have warranted if he had been sentenced as a criminal not subject to the act. State v. Johnson, supra, at p. 433. From this it follows that justice requires and the Legislature intended that defendant be released on parole as soon as, pursuant to N.J. *321 S. 2A:164-8, he is found to be so capable by the State Parole Board, after recommendation by the Special Classification Review Board.
The judgment appealed from is affirmed. However, the Special Classification Review Board should determine and report to the Parole Board as soon as possible whether defendant is capable of making an acceptable social adjustment in the community. If the report and recommendation satisfy the Parole Board that he is, defendant must then be paroled, pursuant to N.J.S. 2A:164-8.