105 N.J. Super. 62 (1969)
251 A.2d 141
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MAILYOR ANDREWS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 20, 1969.
Decided March 10, 1969.
*63 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Thomas Menchin, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Joseph Barry and Mrs. Marcia R. Richman, Assistant Deputy Public Defenders, of counsel and on the brief).
Mr. Matthew J. Scola, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Alan Silber, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This appeal was argued together with State v. Blanford, 105 N.J. Super. 56, decided this day. For the reasons stated in our opinion in that case we reject the contention by defendant that his commitment pursuant to the Sex Offender Act was fatally defective as lacking in due process because of the absence of a hearing of the type called for in Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).
Nor do we find any merit in any of the other points argued on this appeal from denial of post-conviction relief.
*64 We will not detail the involved ramifications of the prior sentencing proceedings in this matter following defendant's conviction of (a) entering with intent to rape, (b) rape and (c) carnal abuse. All these convictions arose out of a single criminal episode. There were three sentencing proceedings: the second, for corrective purposes, but in the absence of counsel; and the third because of such absence of counsel on the preceding occasion. The ultimate sentencing provided for: (1) a three-year maximum term of imprisonment for entering; (2) commitment in respect of the rape conviction for an indefinite term in the Special Treatment Unit at Rahway State Prison, pursuant to the Sex Offender Act, same to be served concurrently with the term for entry. The original sentence for carnal abuse was vacated because comprehended by the conviction of rape and sentence thereon.
Defendant contends that the sentencing court erred to his prejudice in ultimately finding as a matter of law that it was without power to commit him under the Sex Offender Act to a potential maximum term less than the statutory maximum for the crime of rape. In an earlier phase of the sentencing the court had fixed the term of commitment for the rape charge at seven years. In fact, the maximum for rape is 30 years. N.J.S. 2A:138-1.
Defendant's argument lacks merit. It is true that the Sex Offender Act does not expressly declare that the court may not commit for a term less than the maximum. It does state, N.J.S. 2A:164-6, that in the event of commitment for treatment in a specially designated institution (as occurred here) a minimum term of detention shall not be specified and confinement and parole supervision shall not be for a period of time greater than that provided by law for the crime of which such person was convicted. We have heretofore held that the intent of the statute is for a commitment for an "indeterminate term," in which maximum and minimum terms are not fixed, although the potential maximum detention is limited by the statute to the maximum *65 for the crime. State v. Thompson, 84 N.J. Super. 173, 177 (App. Div. 1964); State v. Schreffler, 63 N.J. Super. 148, 152 (App. Div. 1960). This view of the statutory concept precludes the selection by the court of a maximum term differing from the statutory maximum.
The result contended for by defendant would tend to defeat the purposes of the Sex Offender Act. The philosophy of the act is treatment, not punishment, of the offender, and the goal his cure. State v. Mickschutz, 101 N.J. Super. 315, 320 (App. Div. 1968). To this end "a defendant is subject to confinement until he is `capable of making an acceptable social adjustment in the community' even though that may be for the period equal to that provided by law as the maximum punishment for the crime of which he was convicted." Mickschutz, supra, at p. 320. And see State v. Newton, 30 N.J. Super. 382, 386-387 (App. Div. 1954), affirmed 17 N.J. 271 (1955). Cf. In re Nicholson, 69 N.J. Super. 230, 238 (App. Div. 1961). To permit a discretionary initial shortening of the indeterminate commitment by the court's fixing a maximum less than the statutory maximum would be to prejudge what only time and experience with the offender could determine  the amount of time needed for his treatment and rehabilitation.
Defendant also seeks to overturn the commitment for the potential statutory maximum term on rape on the argument that once a sentence has been pronounced and execution thereof begun the sentence cannot be changed to increase its severity even though illegal or erroneous as originally pronounced. State v. Laird, 25 N.J. 298 (1957), is cited to support the contention in relation to originally illegal sentences. See also State v. Matlack, 49 N.J. 491, 500-501 (1967). However, the majority rule on the subject was stated in Laird in terms of the proposition that "where a valid sentence has been put into execution the trial court cannot modify, amend or revise it in any way." (at pp. 306-307) In the present case the original commitment for a potential maximum term less than the statutory maximum *66 was, as seen above, totally beyond the authority of the judge, and a nullity. It was mandatory that the term of commitment be indeterminate and potentially for the statutory maximum. It would subvert public policy to an intolerable degree and serve no fair interest of the defendant in freedom from double jeopardy to preclude the correction of the unauthorized maximum term in the sentence of commitment so as to substitute therefor the only commitment term the court was authorized, and, indeed, required to enter.
Judgment affirmed.