STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDISON WARFIELD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 30, 1979—Decided February 20, 1979.

Before Judges LYNCH and HORN.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Robert J. Konzelmann,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. John J. Degnan,* Attorney General, attorney for respondent (*Ms. Mary Ann Kenny Pidgeon,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

HORN, J. A. D. Defendant appeals from an order denying his second petition for post-conviction relief. The relief sought by defendant through said petition and which was denied by the trial judge was a modification of a sentence imposed on him for his conviction of armed robbery so as to make that sentence concurrent with rather than consecutive to sentences imposed for certain sex-related crimes.

A brief history is required. We take it verbatim from an opinion of this court rendered on an appeal from the trial court's denial of defendant's first petition for post-conviction relief, contained in an unreported opinion, *State v. Warfield* Docket A–2512–74 (1976), as follows:

On November 19, 1973, at age 18, defendant pleaded guilty to the first counts of Camden County Indictments numbered 117–73 and 118–73, charging, respectively, assault with intent to commit carnal abuse upon a female 14 years of age, contrary to *N. J. S. A.* 2A:90–2 and carnal abuse of another 14 year old female, contrary to *N. J. S. A.* 2A:138–1. The negotiated plea agreement called for the dismissal of the remaining counts of each indictment and for the imposition of concurrent sentences on both indictments. At the time of sentencing, on April 26, 1974, defendant pleaded guilty to three accusations charging additional crimes which occurred before defendant was examined at the Diagnostic Center pursuant to the sex offender act, *N. J. S. A.* 2A:164–3 *et seq.* The accusations charged: assault with intent to rape, committed in September 1973 (Acc. No. A–1159–73); forcible rape and armed robbery of the same victim, committed in January 1974 (Acc. No. A–1160–73); and assault with intent to rape two females and threatening to kill said females on February 12, 1974 (Acc. No. A–1161–73).

The Diagnostic Center reported that defendant was a compulsive and repetitive sex offender and recommended a program of specialized

treatment. *N. J. S. A.* 2A:164–5; see *State v. Clark*, 65 *N. J.* 426, 434, 323 *A.* 2d 470 (1974). This finding was accepted by defendant who stated at sentencing that he wanted help.

The trial judge sentenced defendant on the offenses covered by the indictment to two *consecutive* indeterminate terms at the New Jersey State Diagnostic Unit, Rahway (State Prison). The State concedes that this sentence did not conform to the negotiated plea agreement, which called for concurrent sentences, and accedes to defendant's request for modification. We concur in this request.

On the convictions for all crimes charged in the three accusations, defendant was sentenced to *consecutive* indeterminate sentences at the New Jersey State Diagnostic Unit, Rahway, consecutive also to the sentences imposed for offenses charged in the indictments, except that *concurrent* indeterminate terms were imposed for the assault with intent to rape and the two threat to kill offenses charged in counts two, three and four of Accusation No. A–1161–73.

One of defendant's contentions in that appeal was that the indeterminate sentences to the Diagnostic Unit at Rahway for the nonsex offenses (the armed robbery and the threats to kill) were improper, since the indeterminate sentences must be made to the Youth Correctional Institution Complex. The court agreed and accordingly changed said sentences for the nonsex offenses to concurrent indeterminate terms to be served at the Youth Complex, consecutive to the term imposed for the sex offenses. As noted above, these "nonsex" offenses consisted of two threat-to-kill offenses and an armed robbery. Sentences for these crimes, though to be served concurrently with each other, were to be served consecutively to the sex-related crimes.

In the present appeal, in addition to the Public Defender's brief defendant has submitted a letter brief. The points raised in both of these briefs are: first, "the non-sex related offense sentences [*i. e.,* armed robbery] should have been made concurrent [with] the sex offense sentences" (raised in both briefs); and, second, that the sentence for the armed robbery was counterproductive to the purpose and intent of the Sex Offenders Act, *N. J. S. A.* 2A:164–3 *et seq.* (in defendant's brief). As to this latter point we observe that these sentences were before the Appellate Division on defend-

ant's earlier appeal. Defendant then also argued that the aggregate sentence was "manifestly excessive and unduly punitive." The court did not agree with this contention in its assessment of the argument after it modified the sentences.

■ This point as to the counterproductivity of the sentences could have been raised on the first appeal, even if not actually included in the excessive sentence argument. Moreover, it was not raised before the trial judge in the instant petition for post-conviction relief. Consequently, defendant is barred from now raising that point. *R.* 3:22–4. In any event, we are not of the view that there is any substance to a concept that simply because one may be motivated to commit a sex-related crime he may also commit another crime or crimes unrelated to the sexual motivation and be excused from penal sanctions therefor.

■ We now take up the first contention, which has been raised in both briefs — that the sentence for armed robbery should be modified to run concurrently with sentences for the sex offenses.

When the Appellate Division rendered its opinion in the instant case *State v. Gibson,* 150 *N. J. Super.* 351 (App. Div. 1977), certif. den. 75 *N. J.* 20 (1977), had not been decided. In that case defendant was convicted on his pleas of guilty of a number of acknowledged sex-related crimes which were covered by the Sex Offenders Act. On the assumption that certain of the crimes of which defendant was convicted were not covered by that act, the trial judge imposed concurrent terms consecutive to the terms imposed by reason of the covered sex offenses. The "noncovered" offenses were breaking and entry "with intent to rape" (one count of an indictment), breaking and entry "with intent to commit carnal abuse" (one count of a second indictment) and breaking and entry "with intent to commit rape" (one count of a third indictment).

In *Gibson,* the Appellate Division held that on the basis of *State v. Clark,* 65 *N. J.* 426 (1974), since the three breaking and entry offenses were "motivated by the

same antisocial impulses" which caused defendant to commit the covered offenses for which he would be receiving treatment for sex-related crimes, the sentences for said uncovered crimes should be served concurrently with the sentences for the covered crimes.

We have particularly quoted the intent of defendant in *Gibson* in each of the noncovered crimes. Each evidences a motivation related to a covered sex offense. Herein lies the distinction between the commission of the armed robbery in the instant case and a breaking and entry with intent to rape or commit a carnal abuse. It cannot be said that a larceny under threats of bodily harm bears any implication of its being sex-oriented. The facts that the victim of the armed robbery and of the sex offense was the same person, and that both crimes took place within the same time proximity, are not sufficient to stamp the armed robbery as sex-motivated.

Defendant's mere assertion to the contrary is neither persuasive nor sufficient. Consequently, we view the trial judge's denial of relief to have been correct. Accordingly, said order of denial is affirmed.