STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALPHONSO LEWIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 15, 1981—Decided October 26, 1981.

Before Judges MICHELS and McELROY.

*Sheri Woliver*, Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. Van Ness*, Public Defender, attorney; *Sheri Woliver*, on the letter brief).

*Enid W. McDonough*, Assistant Essex County Prosecutor, argued the cause for respondent (*James R. Zazzali*, Attorney General of New Jersey, attorney; *Judith A. Yaskin*, former acting Attorney General of New Jersey, and *Donald S. Coburn*, former Essex County Prosecutor, of counsel; *Hilary Brunell*, Assistant Essex County Prosecutor, on the letter brief).

PER CURIAM.

Following plea negotiations, defendant Alphonso Lewis pleaded guilty to the rape of a 13-year-old high school girl in violation of *N.J.S.A.* 2A:138–1. The State, for its part of the agreement, recommended that any custodial sentence not exceed 15 years and that other criminal charges, including committing the rape while armed, possessing a dangerous knife and lewdness, be dismissed. Before sentencing, defendant was examined by the Adult Diagnostic & Treatment Center at Avenel, New Jersey (Diagnostic Center) where his behavior was found to come within the purview of the Sex Offenders Act, *N.J.S.A.* 2C:47–3, which became effective September 1, 1979 and replaced the provisions of the former Sex Offenders Act, *N.J.S.A.* 2A:164–6. Consequently, the Diagnostic Center recommended that defendant be committed to an institution designated and prescribed by law. Thereafter, defendant was sentenced to the Diagnostic Center for a program of specialized treatment for his mental

condition for 15 years and until released in accordance with the law. The sentence was to be served consecutively to sentences defendant was then serving for rape and robbery. The trial judge explained in detail the reasons for the imposition of the sentence, stating:

In fixing the sentence in this case, the seriousness of the crime, deterrence, protection of the public and rehabilitation of the defendant have all been considered. The defendant, his age, background, personality traits, past record, mental condition, and the best interests of the community have also been taken into account.

As a juvenile, the defendant was adjudicated a delinquent on three occasions. As an adult he was convicted of rape in August 1973, in September 1973 he was convicted of assault with intent to rape and assault with an offensive weapon, in March 1979 the defendant was convicted of two charges of rape and being armed while committing the rapes.

He has served time in State Home for Boys, Yardville, and New Jersey State Prison. The defendant violated the parole. As a matter of fact, he committed at least two rapes while on parole.

He was expelled from school for fighting. He has no employment history of any significance. The presentence report indicates the defendant has shown no remorse or regret for his actions. Defendant has failed to take advantage of probation and parole opportunities.

Throughout his life, his behavior has been antisocial. He is completely unable to adjust to society. I am convinced from the record that there is little or no chance for rehabilitation. There is nothing in his background to indicate any possibility for improvement. Society must be protected from such dangerous criminals.

Others who would commit such crimes are on notice that society will not tolerate such actions and they can expect no leniency from the Courts. This defendant has no sense of values whatsoever. This crime was heinous, repulsive, brutal, violent, and manifest in animalistic satisfaction of his beast passions.

The applicable aggravating circumstances, as set forth in 2C:44–1(a), considered by the Court in imposing his sentence are as follows.

The nature and circumstances of the offense and the will of the actor therein, including whether or not the crime was committed in an especially heinous, cruel, or depraved manner. The gravity and seriousness of harm, both physical and psychological, inflicted on the victim. The risks that the defendant would commit another crime. A lesser sentence would depreciate the seriousness of the defendant's crime. The extent of the defendant's prior criminal record, and the seriousness of the offenses of which he has been convicted. The need for deterring the defendant and others from violating the law. There are no mitigating circumstances.

Subsequently, defendant was resentenced and the original sentence was reimposed in accordance with the provisions of the

New Jersey Code of Criminal Justice. *See N.J.S.A.* 2C:47–3; *N.J.S.A.* 2C:43–6. Defendant appeals.

Defendant contends that the imposition of the Diagnostic Center sentence to be served consecutively to the sentences he was then serving for rape and robbery was manifestly excessive and contrary to the legislative intent expressed by the Sex Offenders Act. He urges us to modify his sentence so that the Diagnostic Center sentence is to be served concurrently with the sentences he is serving for rape and robbery and direct that treatment at the Diagnostic Center begin immediately. We have carefully considered these contentions and all of the arguments advanced by defendant in support of them and find that they are clearly without merit. *R.* 2:11–3(e)(2).

We emphasize that we are satisfied, in light of all of the circumstances, particularly the heinous nature of the present offense, defendant's extensive prior criminal record and the fact that the plea agreement was made and kept, that the imposition of the Diagnostic Center sentence to be served consecutively to the State Prison sentences defendant was then serving was neither manifestly excessive nor unduly punitive. The trial court did not abuse its discretion by requiring the sentences to be served consecutively to rather than concurrently with the other sentences. In our view, this sentence does not constitute a miscarriage of justice. *State v. Whitaker,* 79 *N.J.* 503, 512–517 (1979).

We find nothing in the Sex Offenders Act or in our case law which prohibits the imposition of a Diagnostic Center sentence to be served consecutively to a State Prison sentence that a defendant is then serving. *See State v. Mickschutz,* 101 *N.J.Super.* 315, 318 (App.Div.1968). *See, also, State v. Johnson,* 91 *N.J.Super.* 426 (App.Div.1966). *Cf. State v. Clark,* 65 *N.J.* 426, 436, nn. 10 and 12 (1974). The imposition of such a sentence, particularly in the circumstances here present, is not repugnant to the philosophy and purpose of the Sex Offenders Act. In any event, we are of the view that there is absolutely no substance

to defendant's claim that he should be entitled to treatment as a sex offender for the rapes and robberies for which he was previously convicted and sentenced to State Prison.

Finally, *State v. Clark, supra*, and *State v. Gibson*, 150 *N.J.Super.* 351 (App.Div.1977), certif. den. 75 *N.J.* 20 (1977), are factually distinguishable and do not support defendant's claim that the Diagnostic Center sentence should be modified so that it will be served concurrently with his State Prison sentences for robbery and rape and that treatment at the Diagnostic Center should be ordered to commence immediately. *See State v. Warfield*, 166 *N.J.Super.* 129, 133–134 (App.Div.1979), certif. den. 81 *N.J.* 258 (1979).

Accordingly, we hold that the trial judge properly exercised his discretion under the Sex Offenders Act by requiring the Diagnostic Center sentence to be served consecutively to the State Prison terms defendant was presently serving.

Affirmed.