STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT
E. DITTMAR, SR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 16, 1982—Decided December 20, 1982.

Before Judges BOTTER, POLOW and BRODY.

*Joseph H. Rodriguez,* Public Defender of New Jersey, for appellant (*Paul M. Klein,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Irwin I. Kimmelman,* Attorney General of New Jersey, for respondent (*Allan J. Nodes,* Deputy Attorney General, of counsel and on the letter brief).

PER CURIAM.

Defendant pled guilty to an accusation charging him with sexual assault, a second degree crime. *N.J.S.A.* 2C:14–2(b). The act was a touching of his six-year-old stepdaughter. The Adult Diagnostic and Treatment Center (ADTC) reported that defendant falls within the purview of *N.J.S.A.* 2C:47–3 in that his conduct was characterized by a pattern of repetitive, compulsive behavior. Its recommendation was for a sentence of probation with the requirement that he receive outpatient psychological treatment. The sentence as provided in the judgment was "to the Adult Diagnostic and Treatment Center at Avenel for an indeterminate term not to exceed ten years on the Accusation" and required defendant to pay a $25 penalty to the Violent Crimes Compensation Board. Defendant appeals on the sole ground that the sentence is manifestly excessive.

At the time of sentencing the judge addressed the following remarks to defendant:

> As you know, the efforts being made here is an effort to be of benefit to you. Everyone suffers by the situation present.
>
> . . . . . . . .
>
> We can cure that. I think it will be a relief for us all.

So, the Court is obliged to accept the diagnosis as made establishing that the defendant is a sex offender. The essential question is what—whether it should be in-house treatment or non-resident. I think that until the defendant has had the benefit of the therapy at the Adult Diagnostic Center, he's a threat to himself and to others and in order to avoid that, the disposition I make is that the defendant be committed to the Adult Diagnostic and Treatment Center at Avenel. The period cannot exceed ten years.

I think, practically speaking, it would be a good bit less than that but it is essentially an indeterminate term to be treated and released when in their discretion they think you're taken care of, so to speak.

From these remarks and from the wording of the judgment he entered, it is apparent that the judge was under the impression that if he believed a custodial sentence was warranted, he was compelled to impose a sentence to ADTC for an indeterminate term not to exceed the maximum term for a second degree offense. That would have been the correct sentence under the former Sex Offender Act, *N.J.S.A.* 2A:164–6. *State v. Andrews,* 105 *N.J.Super.* 62, 64–65 (App.Div.1969), remanded on other grounds 56 *N.J.* 372 (1970). It is no longer correct under the Code of Criminal Justice.

*N.J.S.A.* 2C:47–3 presents the following alternatives to a sentencing judge who has received a report from ADTC that a defendant's conduct was characterized by a pattern of repetitive, compulsive behavior:

a. If the examination reveals that the offender's conduct was characterized by a pattern of repetitive, compulsive behavior, the court may, upon the recommendation of the Adult Diagnostic and Treatment Center, sentence the offender to the Center for a program of specialized treatment for his mental condition; provided, however, that no such person may be sentenced to the Adult Diagnostic and Treatment Center in the absence of such a finding that his conduct was characterized by a pattern of repetitive, compulsive behavior.

b. *In the event that the court shall sentence a person as provided herein, the court shall notwithstanding set the sentence in accordance with Chapters 43 and 44 of this code.*

c. In lieu of incarceration, the court may, upon the written report and recommendation of the Adult Diagnostic and Treatment Center, place such person on probation with the requirement, as a condition of such probation, that he receive outpatient psychological treatment in a manner to be prescribed in each individual case. [Emphasis supplied]

Except for young adult offenders, who may be sentenced to an indeterminate term, *N.J.S.A.* 2C:43–5, and except for sentences of life imprisonment, Chapters 43 and 44 require that a

specific term of years be fixed for custodial sentences. *N.J.S.A.* 2C:43–2(b)(3); *N.J.S.A.* 2C:43–6, 7 and 8; *N.J.S.A.* 2C:44–1(f). While the Code contains special provisions for the release of sex offenders, *N.J.S.A.* 2C:47–4(c) and *N.J.S.A.* 2C:47–5, a qualified sex offender who is to receive a custodial sentence to be served at the ADTC or elsewhere must be sentenced for a specific period equal to or less than the maximum statutory term for the crime. Thus, in the case at hand, in imposing a custodial term on defendant for the second degree crime committed by him, the trial judge was required to impose a specific term between five and ten years. *N.J.S.A.* 2C:43–6(a)(2). On the record before us we are unable to determine what sentence the trial judge would have imposed had he realized that the custodial sentence must be for a specific term. We therefore remand for resentencing.

The sentence is vacated and the case remanded for resentencing. We retain jurisdiction in the event defendant appeals from the corrected sentence. Within 20 days after sentencing, defendant shall advise us whether he appeals the new sentence and, if so, shall at the same time serve and file with us a supplemental letter brief in support thereof. The State may serve and file a letter answering brief within 20 days thereafter.