170 N.J. Super. 391 (1979)
406 A.2d 724
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CURTIS HARVEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1979.
Decided September 28, 1979.
Before MATTHEWS and POLOW.
Ms. Rosemary K. Reavey, Assistant Deputy Public Defender, argued the cause on behalf of defendant-appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Simon Louis Rosenbach, Deputy Attorney General, argued the cause on behalf of plaintiff-respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney).
BY THE COURT.
On November 29, 1976 defendant pleaded guilty to robbery and attempted to plead guilty to rape. When he failed to admit force or violence the latter plea was rejected.
On November 30, 1976 defendant did plead guilty to the rape. The trial judge carefully reviewed the factual basis for the plea. Both guilty pleas were pursuant to a plea agreement limiting the total sentence to a maximum of 15 years. The judge imposed a maximum of 15 years for the rape and a concurrent term of 5-7 years for the robbery. The sentence on the rape charge was ordered to be served at Avenel because defendant had been classified as a sex offender.
*392 Since a determinate sentence may not be imposed on a sex offender, the matter was relisted in the trial court and the pleas retracted. Defendant then went to trial on the robbery charge and was convicted. He entered another guilty plea to the rape charge.
Sentence proceedings on the two new convictions took place on April 1, 1977. The judge imposed an indeterminate term at Avenel on the rape conviction and a maximum of ten years for robbery.
Shortly after admission to Avenel, defendant was charged with sodomy on another resident. This time the diagnostic report concluded that he should not be treated as a sex offender. Because of the alleged risk to defendant at the Avenel Treatment Center, he was transferred to State Prison. Defendant appealed and the matter was remanded to the trial court for a Horne hearing since defendant contested his original sex offender classification. (In State v. Horne, 56 N.J. 372 (1970), the right to a plenary hearing was recognized when a defendant contests a Diagnostic Center report rendered pursuant to the Sex Offender Act. N.J.S.A. 2A:164-3 et seq.)
The trial judge conducted the hearing, took expert testimony and concluded that defendant was, in fact, a sex offender. State v. Harvey, 162 N.J. Super. 386 (Law Div. 1978).
Judge McKenzie ordered the defendant to be transferred back to Avenel with the condition that should there be any reason to remove defendant for his own or anyone else's protection, the Commissioner must provide a substitute therapeutic program.
We affirm for the reasons stated by Judge McKenzie in his reported opinion.