STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PAUL HOLMES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 14, 1983—Decided January 3, 1984.

Before Judges J.H. COLEMAN and BACHMAN.

*Joseph H. Rodriguez,* Public Defender, for appellant (*Ellen Shiever,* Assistant Deputy Defender, of counsel and on the letter-brief).

*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for respondent (*Audrey G. Cohen,* Deputy Attorney General, of counsel and on the letter-brief).

The opinion of the court was delivered by

J.H. COLEMAN, J.A.D.

The novel question raised by this appeal is whether a defendant who is sentenced to an extended term (see *N.J.S.A.*

2C:44–3 a) to the Adult Diagnostic and Treatment Center (ADTC) can be required to serve ten years of parole ineligibility pursuant to *N.J.S.A.* 2C:14–6 or *N.J.S.A.* 2C:43–7 b. Defendant pled guilty to sexual assault contrary to *N.J.S.A.* 2C:14–2 b. He was sentenced to a term of 20 years to the ADTC and required to serve ten years before becoming eligible for parole. We hold that the term of parole ineligibility is legally permissible under both *N.J.S.A.* 2C:14–6 and *N.J.S.A.* 2C:43–7 b.

Defendant's guilty plea was based upon touching the vagina of his four year old niece for sexual gratification. At the time of the guilty plea, defendant acknowledged that he was exposed to a minimum period of parole ineligibility of five years pursuant to *N.J.S.A.* 2C:14–6 and that the State would seek an extended term that would expose him to a custodial term of 20 years with ten years of parole ineligibility. He was examined by the ADTC. His conduct was found to constitute a pattern of repetitive, compulsive behavior. *N.J.S.A.* 2C:47–3 a. Hence, defendant was sentenced as a sex offender.

In this appeal, defendant contends:

1. THE COURT ERRED IN IMPOSING A TEN YEAR MANDATORY MINIMUM PERIOD OF PAROLE INELIGIBILITY AS A CONDITION OF DEFENDANT'S SENTENCE TO AVENEL. (NOT RAISED BELOW.)

2. THE SENTENCE IMPOSED BELOW IS MANIFESTLY EXCESSIVE AND NOT FAIRLY SUPPORTED BY THE RECORD BELOW.

Even though defendant raises the issue of illegality in the sentence for the first time on this appeal, we will decide the issue without a remand because the public interest requires a resolution. *See R.* 2:10–5.

Prior to the present offenses, defendant had been convicted on a charge of carnal abuse which occurred about October 6, 1975. That offense also involved a female relative who was nine years old at the time. At the sentencing it was conceded that defendant qualified as a persistent offender pursuant to *N.J.S.A.* 2C:44–3 a.

The trial judge did not specify whether the ten years of parole ineligibility were imposed pursuant to *N.J.S.A.* 2C:14–6 or *N.J.S.A.* 2C:43–7 b. We perceive no reason why the parole ineligibility could not be imposed under either. *N.J.S.A.* 2C:14–6 provides:

> If a person is convicted of a *second or subsequent offense* under section 2C:14–2 or 2C:14–3a., the sentence imposed under those sections for the second or subsequent offense shall, unless the person is sentenced pursuant to the provisions of 2C:43–7, include a fixed minimum sentence of not less than 5 years during which the defendant shall not be eligible for parole.... [Emphasis supplied]

Since defendant had been previously convicted of carnal abuse, conceded to be equivalent to sexual assault under *N.J.S.A.* 2C:14–2 b., he was exposed to a minimum of five years of parole ineligibility under *N.J.S.A.* 2C:14–6. That statute contains no maximum for parole ineligibility. Because all the other provisions in the Code of Criminal Justice concerning parole ineligibility limit the maximum period to one half of the sentence imposed for any crime (*see N.J.S.A.* 2C:43–6 b. and *N.J.S.A.* 2C:43–7 b.) except for Graves Act offenses (*N.J.S.A.* 2C:43–6 c. and *N.J.S.A.* 2C:43–7 c.), murder (*N.J.S.A.* 2C:11–3 b.) and nonmurder life sentences (*N.J.S.A.* 2C:43–7 b.) we perceive no legislative design to permit a period of parole ineligibility imposed pursuant to *N.J.S.A.* 2C:14–6 to exceed one-half of the sentence imposed. Here, that principal was not violated.

We are also persuaded that a period of parole ineligibility is imposable pursuant to *N.J.S.A.* 2C:43–7 b. This is so because *N.J.S.A.* 30:4–123.51 e provides that a person sentenced to ADTC shall not become primarily eligible for parole "prior to the expiration of any mandatory or fixed minimum term imposed pursuant to *N.J.S.A.* 2C:14–6." The previously quoted provision of *N.J.S.A.* 2C:14–6 clearly acknowledges that a person sentenced to the ADTC may have his sentence set in accordance with the extended term provisions of *N.J.S.A.* 2C:43–7. Subsection b of that statute permits the judge to impose parole

ineligibility.   Hence, we conclude that *N.J.S.A.* 30:4–123.51 e does not preclude parole ineligibility on a discretionary extended-term sentence to the ADTC.   To hold otherwise would permit a judge to defeat the mandatory sentencing provision of *N.J.S.A.* 2C:14–6 by sentencing a subsequent sex offender in a sexual assault case to a term of 11 years to the ADTC without a term of parole ineligibility.   In such a case, that person could be released before serving five years, which would violate *N.J.S.A.* 2C:14–6.

While we are in agreement with the dissenting opinion in *State v. Chapman,* 189 *N.J.Super.* 379, 399 (1983), the conclusions reached by us are not contrary to the majority opinion.   There, the majority held that parole ineligibility on a sentence to the ADTC was not imposable under *N.J.S.A.* 2C:43–6 b.   Here, we hold that where an extended term is imposable based on defendant's status as a persistent offender which involves at least one prior conviction for sexual assault that was violative of *N.J.S.A.* 2C:14–2, *N.J.S.A.* 2C:14–3 a or any similar statute, parole ineligibility may be imposed pursuant to *N.J.S.A.* 2C:14–6 or *N.J.S.A.* 2C:43–7 b.

■   We have carefully examined defendant's contention that the sentence is excessive.   We feel this contention lacks merit. Given defendant's extensive criminal record both as a juvenile and as an adult, the sentence was manifestly appropriate.   Furthermore, the sentencing judge made it abundantly clear that should the Special Classification Review Board conclude that continued confinement is not necessary after serving five years, he would consider an application for defendant's release pursuant to *N.J.S.A.* 2C:47–4 c.   This statement by the sentencing judge substantially minimizes the prospects that defendant will serve a punitive sentence after the five-year minimum sentence mandated by *N.J.S.A.* 2C:14–6 has been served.

The judgment of conviction is accordingly affirmed.