STEPHEN W. KARATZ, PLAINTIFF–RESPONDENT, v. SALLY S. SCHEIDEMANTEL, SUPERINTENDENT, ADULT DIAGNOSTIC AND TREATMENT CENTER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1988—Decided July 27, 1988.

Before Judges KING, GAULKIN and GRUCCIO.

*Stephen P. Tasy*, Deputy Attorney General, argued the cause for appellant (*W. Cary Edwards*, Attorney General of New Jersey, attorney; *James J. Ciancia*, Assistant Attorney General, of counsel).

*Edward J. Byrne*, First Assistant Deputy Public Defender, argued the cause for respondent (*Alfred A. Slocum*, Public Defender of New Jersey, attorney).

The opinion of the court was delivered by

KING, P.J.A.D.

The respondent, Stephen Karatz, is presently in custody in the Adult Treatment and Diagnostic Center (ADTC) in Avenel. He was sentenced to ADTC on January 18, 1985 after pleading guilty to the charge of second-degree sexual assault in violation

of *N.J.S.A.* 2C:14–2(b). Judge Weiss sentenced defendant to a five-year term under *N.J.S.A.* 2C:14–6 which provides

> If a person is convicted of a second or subsequent offense under sections 2C:14–2 ... the sentence imposed under those sections ... shall ... include.a fixed minimum sentence of not less than 5 years during which the defendant shall not be eligible for parole.

The judgment of conviction and order of commitment simply said: "Avenel Diagnostic Center for five (5) years—not eligible for parole for five (5) years."

When sentencing defendant the judge said:

> Defendant qualifies as a subsequent offender. Pursuant to *State v. Chapman*, 189 *N.J.Super.* 379 (App.Div.1985), the Court went along with the plea agreement and sentenced the defendant to the Adult Diagnostic and Treatment Center at Avenel for five years. The time of five years must be served since he is not eligible for parole prior to the five year term being served. The Court felt that the plea agreement of five years was proper since the same result would have occurred if the Court sentenced him to the maximum under a second-degree crime giving him a maximum parole disqualifier pursuant to the Code.

Defendant was allowed 222 days jail credit for time spent in detention awaiting disposition. *See R.* 3:21–8.[1] The 222 days were deducted from Karatz's sentence, advancing his release date from January 18, 1990 to June 10, 1989.

The classification officer at ADTC then calculated Karatz's anticipated statutory commutation credits of 386 days in accordance with *N.J.S.A.* 30:4–140.[2] In addition Karatz had accumu-

---

[1]*R.* 3:21–8. Credit for Confinement Pending Sentence.

The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hosital between his arrest and the imposition of sentence.

[2] *N.J.S.A.* 30:4–140 states:

For every year or fractional part of a year of sentence imposed upon any person committed to any State correctional institution for a minimum-maximum term there shall be remitted to him from both the maximum and minimum term of his sentence, for continuous orderly deportment, the progressive time credits indicated in the schedule herein. When a sentence contains a fractional part of a year in either the minimum or maximum thereof, then time credits in reduction of such fractional part of a year shall be calculated at the rate set out in the schedule for each full month of such

lated 144 days work credit as of December 1987 under *N.J.S.A.* 30:4–92.[3]

Karatz then filed this petition for a writ of habeas corpus in the Law Division claiming that his earned commutation and work credits entitled him to be released on December 1, 1987. Superintendent Scheidemantel sought a dismissal on the grounds that the Law Division lacked jurisdiction and the credits did not apply to a mandatory minimum sentence. A Law Division judge (not Judge Weiss) held that he had jurisdiction and agreed with Karatz's argument that he was entitled to the credits. The Superintendent sought a stay of Karatz's release. The stay was granted by the Supreme Court.

We first conclude that the Law Division judge had no jurisdiction to entertain the matter and should have transferred it to the Appellate Division. *See R.* 2:2–3(a)(2); *R.* 1:13–4(a); *Johnson v. N.J. State Parole Bd.,* 131 *N.J.Super.* 513 (App.Div.

---

fractional part of a year of sentence. No time credits shall be calculated as provided for herein on time served by any person in custody between his arrest and the imposition of sentence. In case of any flagrant misconduct the board of managers may declare a forfeiture of the time previously remitted, either in whole or in part, as to them shall seem just.

[3]*N.J.S.A.* 30:4–92 states:

The inmates of all correctional and charitable, hospital, relief and training institutions within the jurisdiction of the State Board shall be employed in such productive occupations as are consistent with their health, strength and mental capacity and shall receive such compensation therefor as the State Board shall determine.

Compensation for inmates of correctional institutions may be in the form of cash or remission of time from sentence or both. Such remission from the time of sentence shall not exceed 1 day for each 5 days of productive occupation, but remission granted under this section shall in no way affect deductions for good behavior or provided by law.

In addition, all inmates classified as minimum security and who are considered sufficiently trustworthy to be employed in honor camps, farms or details, shall receive further remission of time from sentence at the rate of 3 days per month for the first year of such employment and 5 days per month for the second and each subsequent year of such employment.

1974), certif. den. 67 *N.J.* 94 (1975). We thus entertain the petition as a direct administrative appeal.

We agree with the Superintendent that the relevant statutes must be read *in pari materia* and that such a construction bars deduction of commutation and work credits from Karatz's mandatory minimum sentence. *See N.J.S.A.* 2C:14–6; *N.J.S.A.* 30:4–123.51(a). The latter statute clearly states in pertinent part:

> Each adult inmate sentenced to a term of incarceration in a county penal institution, or to a specific term of years at the State Prison or the correctional institution for women shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or one third of the sentence imposed where no mandatory minimum term has been imposed less commutation time for good behavior pursuant to N.J.S. 2A:164–24 or R.S. 30:4–140 and credits for diligent application to work and other institutional assignments pursuant to P.L. 1972, c. 115 (C. 30:8–28.1 et seq.) or to R.S. 30:4–92. *Consistent with the provisions of the New Jersey Code of Criminal Justice (N.J.S. 2C:11–3, 2C:14–6, 2C:43–6, 2C:43–7), commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded subsequent to the expiration of the term.* [*N.J.S.A.* 30:4–123.51(a); emphasis supplied].

Our conclusion is reinforced by the provision in the Parole Act of 1979, *N.J.S.A.* 30:4–123.1 to 123.44, of which *N.J.S.A.* 30:4–123.51(a) is a part, which states that: "no provisions of the New Jersey Code of Criminal Justice shall be superseded hereby." *N.J.S.A.* 30:4–123.69. *See State v. Chapman,* 95 *N.J.* 582, 592 n. 3 (1984). As the *Chapman* Court noted, "the Parole Act recognizes [the] limitation [under *N.J.S.A.* 2C:14–6]."

Reversed.